SEP 22 2026 PM12:07
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **SABELLA E. NEAL,**<br><br>Plaintiff,<br><br>v.<br><br>**ONENOTARY, INC.,**<br><br>Defendant. | Case No.: 8:26-cv-2837-MSS-CPT<br>(To be filled in by the Clerk's Office)<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**<br><br>Jury Trial Demanded: ☒ Yes ☐ No |

---

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I. THE PARTIES TO THIS COMPLAINT

### A. The Plaintiff

**Name:** Sabella E. Neal
**Street Address:** 9133 Royal River Circle
**City and County:** Parrish, Manatee County
**State and Zip Code:** Florida 34219
**Telephone Number:** (813) 659-7007
**E-mail Address:** sabellasnotary@gmail.com

### B. The Defendant

**Defendant No. 1**
**Name:** OneNotary, Inc.
**Job or Title:** Corporation — Remote Online Notary Platform
**Street Address:** 415 Mission Street, Floor 37
**City and County:** San Francisco, San Francisco County

IFP

**State and Zip Code:** California 94105
**Telephone Number:** Unknown
**E-mail Address:** pamela.holmes@onenotary.com
**Registered Agent:** Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904

**C. Place of Employment**

Plaintiff performed all work remotely from her home in Parrish, Florida. The address at which Plaintiff was employed by Defendant is:

**Name:** OneNotary, Inc.
**Street Address:** 415 Mission Street, Floor 37
**City and County:** San Francisco, San Francisco County
**State and Zip Code:** California 94105

## II. BASIS FOR JURISDICTION

This action is brought for discrimination in employment pursuant to (check all that apply):

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117

☒ Other federal law: Americans with Disabilities Act Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101 et seq.

☒ Relevant state law: Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq.

## III. STATEMENT OF CLAIM

**A. The discriminatory conduct of which I complain includes (check all that apply):**

☐ Failure to hire me.

☒ Termination of my employment.

☐ Failure to promote me.

☒ Failure to accommodate my disability.

☒ Unequal terms and conditions of my employment.

☒ Retaliation.

☒ Other acts: Harassment based on disability; failure to engage in the interactive accommodation process.

**B. It is my best recollection that the alleged discriminatory acts occurred on date(s):**

October 10, 2025 through February 6, 2026.

**C. I believe that defendant(s):**

☐ is/are still committing these acts against me.

☒ is/are not still committing these acts against me.

**D. Defendant(s) discriminated against me based on my:**

☒ disability or perceived disability: Neurodivergence, Sensory Processing Disorder, and Complex Post-Traumatic Stress Disorder (C-PTSD).

**E. Statement of Facts (see also Attachment 1):**

**PHASE 1 — EMPLOYMENT BACKGROUND**

1. Plaintiff Sabella E. Neal began her employment as a Remote Online Notary with Defendant OneNotary, Inc. on or about October 10, 2025, working remotely from Parrish, Florida.
2. At all relevant times, Plaintiff performed her duties competently and professionally. By November 2025, Plaintiff maintained a 4.96 out of 5.0 performance rating with 98 completed live notarization sessions.
3. On January 16, 2026, Tammy Gilliam, Notary Team Leader, issued a formal written Orientation Completion and Level I Advancement Report confirming that Plaintiff had "successfully completed Orientation" and "met and maintained all expectations required for advancement," and officially advancing Plaintiff to Level I Professional Notary.
4. On the same date, Dixie Hackworth, Notary Manager, issued a QA Session Review describing Plaintiff's performance across five sessions as "fantastic," "professional," and "excellent."

**PHASE 2 — PROTECTED ACTIVITY**

5. Plaintiff has the following qualifying disabilities under the Americans with Disabilities Act, as amended (ADAAA): neurodivergence, sensory processing disorder, and Complex Post-Traumatic Stress Disorder (C-PTSD).
6. On December 5, 2025, Plaintiff formally notified management via email that her tinted prescription eyewear constitutes a required medical accommodation for her neurodivergence and sensory processing needs. This notification was sent to Tammy Gilliam, Notary Team Leader, and Pamela Holmes, Head of Notary Operations.
7. On December 9, 2025, Plaintiff made a second protected disclosure, informing management of her C-PTSD diagnosis and requesting grace and understanding during a period of bereavement following a significant personal loss.
8. Prior to and following these disclosures, management representatives repeatedly referred to Plaintiff's medically prescribed tinted eyewear as "sunglasses" and flagged them as a "performance concern," despite having been informed of their medical necessity.
9. Defendant failed to engage in any good-faith interactive process with Plaintiff regarding her accommodation requests, as required under the ADAAA.

## PHASE 3 — ADVERSE EMPLOYMENT ACTIONS

10. On December 8, 2025 — only three days after Plaintiff's formal accommodation disclosure — Defendant issued Plaintiff a negative performance review citing standards not met. This was the first negative review of Plaintiff's tenure.
11. On December 12, 2025, Plaintiff was reassigned to a new training group with hours that conflicted with her previously approved schedule.
12. On February 3, 2026, despite Plaintiff's formal January 16, 2026 advancement to Level I, Tammy Gilliam rescinded Plaintiff's Level I status, alleged a "significant communication gap," and ordered Plaintiff to repeat orientation with a mandated 30-hour weekly training block — a 50% increase in required hours imposed without notice and inconsistent with Plaintiff's established schedule.
13. All other members of Plaintiff's training cohort — approximately six to seven individuals — were advanced to active status. Plaintiff was the only member of her cohort who was not advanced, and the only member known to have disclosed a disability. This fact is corroborated by the EEOC investigator's own notes obtained through Plaintiff's FOIA request.
14. On February 6, 2026, Pamela Holmes, Head of Notary Operations, terminated Plaintiff's agreement effective immediately, citing an "inability to consistently meet the availability, attendance, and operational performance standards."
15. Plaintiff declined to sign the offered separation agreement in order to preserve her legal rights under the ADAAA and the Florida Civil Rights Act.
16. The stated reason for Plaintiff's termination — inability to meet performance standards — is pretextual. Defendant's own formal written advancement report, issued on January 16, 2026, confirms that Plaintiff met and maintained all expectations just 21 days before her termination.

**PHASE 4 — DAMAGES AND HARM**

17. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered and continues to suffer significant harm, including but not limited to: lost wages and income from the date of termination (February 6, 2026) to the present; emotional distress, including exacerbation of pre-existing C-PTSD, depression, anxiety, nightmares, and night sweats for which Plaintiff has sought and continues to receive professional therapeutic treatment; academic harm, including being required to repeat the same doctoral course four times due to the psychological impact of Defendant's conduct; damage to professional reputation and career trajectory; and damage to personal relationships and physical health.

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

**A.** It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct on:
June 29, 2026

**B.** The Equal Employment Opportunity Commission:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on: July 9, 2026.

(A copy of the Notice of Right to Sue letter is attached to this complaint as Exhibit A.)

The charge was dual-filed with the Florida Commission on Human Relations (EEOC Charge No. 511-2026-01899).

**C.** [Age discrimination claims only — Not Applicable.]

## V. RELIEF

Plaintiff respectfully requests that this Court grant the following relief (see also Attachment 2):

- Back pay representing all wages and compensation lost from the date of Plaintiff's termination, February 6, 2026, through the date of judgment, calculated at Plaintiff's

established rate of $16.00 per hour at a minimum of 20 hours per week, as required under the OneNotary Notary Agreement, together with any benefits Plaintiff would have received but for Defendant's unlawful conduct;

- Front pay in lieu of reinstatement, representing future lost earnings for a reasonable period following judgment, in an amount to be determined at trial, reflecting Plaintiff's diminished earning capacity and the ongoing harm to her professional career caused by Defendant's discriminatory and retaliatory conduct;
- Compensatory damages for emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, and related non-economic harm directly caused by Defendant's conduct, including but not limited to: exacerbation of Plaintiff's pre-existing Complex PTSD, depression, anxiety, nightmares, and night sweats for which Plaintiff has sought and continues to receive professional therapeutic treatment; academic harm including being required to repeat the same doctoral-level course four times due to the psychological impact of Defendant's conduct; damage to personal relationships; and damage to Plaintiff's physical health and well-being — in the maximum amount permitted by law pursuant to 42 U.S.C. § 1981a(b)(3);
- Punitive damages for Defendant's willful, malicious, and reckless disregard of Plaintiff's federally protected rights, in the maximum amount permitted by law pursuant to 42 U.S.C. § 1981a(b)(3);
- Declaratory relief that Defendant's conduct as described herein violated the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq.;
- Injunctive relief ordering Defendant to immediately cease all discriminatory and retaliatory practices against employees and contractors with disabilities, to implement reasonable accommodation policies compliant with the ADAAA, and to provide ADA compliance training to all supervisory and managerial personnel;
- Costs of this action, including all filing fees and litigation expenses incurred by Plaintiff in pursuing this matter;
- Any other relief this Court deems just, equitable, and proper under the circumstances.

**WHEREFORE**, Plaintiff Sabella E. Neal respectfully requests that this Court enter judgment in her favor and against Defendant OneNotary, Inc., and grant all relief set forth above.

## VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**For Parties Without an Attorney:**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____09/15/2026______________________

Signature of Plaintiff: _ __________________________

Printed Name of Plaintiff: Sabella E. Neal

Address: 9133 Royal River Circle, Parrish, FL 34219

Telephone: (813) 659-7007

E-mail: sabellasnotary@gmail.com

---

## EXHIBITS

**Exhibit A:** EEOC Determination and Notice of Rights (July 9, 2026)

**Exhibit B:** EEOC Charge of Discrimination No. 511-2026-01899 (June 29, 2026)

**Exhibit C:** Orientation Completion and Level I Advancement Report (January 16, 2026)

**Exhibit D:** QA 5 Session Review — Dixie Hackworth (January 16, 2026)

**Exhibit E:** Medical Accommodation Disclosure Email (December 5, 2025)

**Exhibit F:** PTSD and Bereavement Disclosure Email (December 9, 2025)

**Exhibit G:** Termination of Agreement Email — Pamela Holmes (February 6, 2026) and Unsigned Separation Agreement / Termination Certification

**Exhibit H:** EEOC Charge File Excerpts (FOIA No. 510-2026-013482) — Investigator's Notes Corroborating Disparate Treatment